IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| MYRON J. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:09-CV-631-ID |
| | ) | |
| UNITED STATES HOUSE OF | ) | |
| REPRESENTATIVES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**ORDER AND**
**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's *pro se* Complaint (Doc. #1). On July 13, 2009, this case was referred to the undersigned Magistrate Judge for further proceedings and determination or recommendation as may be appropriate. (Doc. #3). Plaintiff's suit against both Houses of the United States Congress and the Supreme Court of the United States appears based on those Defendants' alleged failure to investigate Plaintiff's allegations about "death threats" and conspiracies which he purportedly informed them of in writing and which are the subject of numerous other suits initiated by Plaintiff in this Court. *See* Civ. No. 09-cv-442-447; Civ. No. 09-cv-449. Plaintiff requests the following relief: "5 Trillion Punative [sic] Damages."

The Houses of Congress enjoy sovereign immunity from suit. *Keener v. Cong. of*

*the United States*, 467 F.2d 952, 953 (5th Cir. 1972).[1]  *See also McLean v. United States*, 566 F.3d 391, 401 (4th Cir. 2009).  This immunity is subject to waiver only by consent of Congress itself, and Congress has not implemented such waiver for constitutional tort suits, which appears to be the subject of Plaintiff's action.  *Id.*  Likewise, the Supreme Court of the United States enjoys absolute judicial immunity.  *Sibley v. United States Supreme Court*, 136 Fed. App'x 252, 253-54 (11th Cir. 2005).  Plaintiff has failed to identify any action by any Defendant which would fall beyond the scope of that Defendant's official function.  In short, Plaintiff cannot maintain a suit for damages against any of the named Defendants, which, in requesting "5 Trillion Punative [sic] Damages," he is presently attempting to do.  Thus, among other defects, Plaintiff has failed to state a claim upon which relief can be granted and he seeks monetary relief against defendants whom are immune to such relief. Therefore, his complaint is due to be dismissed.  Accordingly, the undersigned RECOMMENDS that this action be DISMISSED, prior to service of process, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii).  It is further

ORDERED that Plaintiff's Motion For Leave to Proceed In Forma Pauperis (Doc. #2) is GRANTED.  It is further

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation on or before **August 12, 2009**.  Any objections filed must specifically

---

[1] In addition, individuals "cannot claim damages for a committee's or a senator's [or a representative's] failure to act on their behalf." *Ray v. United States Senate*, 1989 WL 156929 at *1 (4th Cir. 1989).

identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) ( *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 30th day of July, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE